IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. LEHAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-3271-CV-S-ODS |
| ) | |
| ITT CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION (1) GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART DEFENDANTS' MOTION TO DISMISS AND (2) DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

Pending is a Motion to Dismiss filed by Defendants Pure-Flo Precision Disability Plan ("Pure-Flo Plan"), ITT Corporation Disability Plan ("ITT Plan") and ITT Corporation. The motion (Doc. # 17) is granted in part, denied in part, and deferred in part pending the filing of a Second Amended Complaint.

## I. BACKGROUND

According to the Amended Complaint, Plaintiff injured his shoulder while working for ITT at its shop in Springfield, Missouri. He underwent surgery in June 2005, and thereafter asked for information about a making a claim on the company's disability insurance plan. The plan was administered or insured by co-Defendant UNUM Life Insurance Company of America (who has not joined in the Motion to Dismiss). Plaintiff had been paying his share of premiums through payroll deductions. ITT did not respond to Plaintiff's requests for information; in fact, ITT had previously completed plans to close its Springfield shop and had already either canceled the UNUM plan or allowed it to lapse. "Even though ITT canceled the Unum Plan on August 1, 2005, it continued to deduct Unum Plan premiums from employees' paychecks through December 2005." Amended Complaint, ¶ 22. The cancellation and the failure to provide information combined to preclude Plaintiff from making a disability claim.

Amended Complaint, ¶ 23. Defendants are accused of making several misrepresentations and material omissions. Amended Complaint, ¶¶ 24-27.

Count I assert ERISA claims against ITT, ITT Plan and Pure-Flo Plan, Count II asserts an ERISA claim against UNUM, and Count III asserts an ERISA claim against ITT. The only actions ascribed to Pure-Flo Plan and ITT Plan are those alleged to have been committed collectively by "Defendants." Neither Defendant is listed in the "Parties" section of the Amended Complaint, and neither is mentioned by name anywhere except the caption.

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

### A. ITT Plan and Pure-Flo Plan

The Court cannot meaningfully evaluate whether these parties are viable defendants.[1] Plaintiff suggests "[e]quitable relief in the form of adding the Plaintiff to a Plan after misconduct by the Plan or its administrators has been recognized by the U.S. Supreme Court." Even if this is true – and the Court has doubts about its ability to order

---

[1]There are also strong indications that ITT Plan does not even exist, but this is not an issue the Court can resolve in a Rule 12(b)(6) motion. However, Plaintiff might wish to consider whether he wants to sue an entity that did not, and does not, exist.

2

Plaintiff's inclusion in a separate, unrelated plan – Plaintiff has not alleged misconduct by these defendants or its administrators. Fundamentally, the Court cannot order a party who has not engaged in misconduct to provide relief, so Plaintiff's intimation that these defendants remain "solely for the purposes of relief" is not compelling. In short, the Court cannot evaluate Plaintiff's theories against these Defendants because it does not know what those theories are. The Court will defer ruling on this aspect of the motion until Plaintiff files a Second Amended Complaint that alleges these Defendant's roles in the wrongs described by Plaintiff and the relationship (if any) between them and Plaintiff. Plaintiff has twenty days to accomplish this task; additional briefing will not be required unless ordered by the Court.

### B. ITT

#### *1. Count I*

In Count I, Plaintiff alleges ITT breached its ERISA-imposed fiduciary duties and seeks (1) the premiums he paid after the UNUM Plan was canceled and (2) the benefits he would have received if ITT had provided the information he requested and had not withheld information about the plan's status. ITT alleges this claim must be dismissed because the second category of relief is not available under ERISA (specifically, 29 U.S.C. § 1132). Plaintiff seems to agree, but contends this only affects the relief requested, not the claim's viability.

The Court agrees that dismissal of Count I is not be appropriate because there is no suggestion the first category of relief is not viable. However, having been provided no contrary argument, the Court agrees with ITT that Plaintiff cannot recover the benefits he would have received under the UNUM Plan.

3

### *2. Count III*

Count III focuses on ITT's failure to provide information when requested as required by 29 U.S.C. § 1132(c)(1)(B). ITT contends Count III must be dismissed because Plaintiff's requests were made orally and not in writing. The Amended Complaint does not allege Plaintiff's requests were oral, so Count III states a cause of action. Whether Plaintiff can prove his claim is not an issue that can be resolved under Rule 12(b)(6).

### III. CONCLUSION

Count I is dismissed insofar as it seeks an award of benefits Plaintiff allegedly lost as a result of Defendants' actions and inactions. The remainder of Count I remains. Count III is not dismissed. Plaintiff shall file a Second Amended Complaint within twenty days, at which time the Court will decide whether to dismiss ITT Plan or Pure-Flo Plan.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 1, 2009　　　　　UNITED STATES DISTRICT COURT