IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MICHAEL D. LEHAR,          )
                           )
         Plaintiff,        )
                           )
vs.                        )    Case No. 08-3271-CV-S-ODS
                           )
ITT CORPORATION, et al.,   )
                           )
         Defendants.       )

ORDER AND OPINION DISMISSING
DEFENDANT PURE-FLO PRECISION DISABILITY PLAN

On July 1, 2009, the Court issued an Order that, among other things, deferred consideration of Defendants' request to dismiss Defendant Pure-Flo Precision Disability Plan ("Pure-Flo Plan") until Plaintiff filed a Second Amended Complaint.[1] The Court has reviewed the Second Amended Complaint, and now dismisses Pure-Flo Plan.

I. BACKGROUND

According to the Second Amended Complaint, Plaintiff injured his shoulder while working for ITT at its shop in Springfield, Missouri. He underwent surgery in June 2005, and thereafter asked for information about a making a claim on the company's disability insurance plan. The plan was administered or insured by co-Defendant UNUM Life Insurance Company of America. Plaintiff had been paying his share of premiums through payroll deductions. ITT did not respond to Plaintiff's requests for information; in fact, ITT had previously completed plans to close its Springfield shop and had already either canceled the UNUM plan or allowed it to lapse. "Even though ITT canceled the Unum Plan on August 1, 2005, it continued to deduct Unum Plan premiums from employees' paychecks through December 2005." Second Amended Complaint, ¶ 22.

---

[1] The Court also deferred consideration of the request to dismiss ITT Corporation Disability Plan, but this defendant is not named in the Second Amended Complaint so there is no need for the Court to address the issue further.

The cancellation and the failure to provide information combined to preclude Plaintiff from making a disability claim. Amended Complaint, ¶ 23. Defendants are accused of making several misrepresentations and material omissions. Amended Complaint, ¶¶ 24-27.

Count I asserts ERISA-based claims against ITT and Pure-Flo Plan, Count II asserts an ERISA claim against UNUM, and Count III asserts an ERISA claim against ITT. Several paragraphs describe Pure-Flo Plan as a fiduciary "to the Plan, or the Plan owing duties to Plaintiff," and allege Pure-Flo Plan did not act in the interests of those covered under the UNUM-administered plan. Second Amended Complaint, ¶¶ 31, 34-37. The Second Amended Complaint does not allege any relationship between Pure-Flo Plan and Plaintiff.

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

This does not mean, however, that a plaintiff's blanket allegations that a defendant is liable will be sufficient under Rule 8.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

2

> possibility that a defendant has acted unlawfully. Where a complaint
> pleads facts that are merely consistent with a defendant's liability, it stops
> short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, <u>they must be supported by factual allegations</u>. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950 (emphasis supplied).

In directing Plaintiff to file a Second Amended Complaint, the Court declared it could not evaluate Plaintiff's theory of recovery against Pure-Flo Plan because it did not know what theories was being relied on and "defer[red] ruling on this aspect of the motion until Plaintiff files a Second Amended Complaint that alleges [Pure-Flo Plan's] role[ ] in the wrongs described by Plaintiff and the relationship (if any) between [Pure-Flo Plan] and Plaintiff." Plaintiff did not comply, and in failing to comply also failed to satisfy the standard necessary to withstand Defendants' Motion to Dismiss. In the words of Iqbal, Pure-Flo is not plausibly liable because the Second Amended Complaint is devoid of factual content that would allow the Court to draw a reasonable inference that Pure-Flo Plan is liable to Plaintiff. The legal conclusion that Pure-Flo Plan is, alone, insufficient.

### III. CONCLUSION

Plaintiff's claims against Pure-Flo Precision Disability Plan are dismissed for failure to state a claim.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: August 3, 2009            UNITED STATES DISTRICT COURT

3